UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MESA UNDERWRITERS SPECIALTY            CIVIL ACTION
INSURANCE COMPANY

VERSUS                                                     NO. 17-390-JJB-EWD

COCA COLA BOTTLING COMPANY
UNITED, INC. ET AL.

# ORDER

Before the Court is a Complaint filed by plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC").[1] In the Complaint, MUSIC asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Complaint contains the following allegations regarding citizenship of the parties:

> (a)      plaintiff, Mesa Underwriters Specialty Insurance Company is an insurance company with its principle place of business located at 40 Wantage Avenue, Branchville, New Jersey; and
>
> (b)      defendant, Coca Cola Bottling Company United, Inc. ("Coke") is an Alabama based business with a principle place of business located at 4600 East Lake Boulevard, Birmingham, Alabama, and a registered office in Louisiana at 9696 Plank Road, Baton Rouge, LA 70811; and
>
> (c)      defendant, Grayhawk Leasing, LLC ("Grayhawk") is a Delaware based business with a domicile address locates [sic] at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, a principal place of business at Pepsi North America Beverages, 1111 Westchester, White Plains, New York, and a registered office in Louisiana at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 1 at ¶ 4.
[3] *Id.*

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has not been adequately alleged. With respect to MUSIC and Coca Cola Bottling Company United, Inc., the Fifth Circuit has held that, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

The Complaint also fails to properly allege the citizenship of Grayhawk Leasing, LLC. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that MUSIC shall have seven (7) days from the date of this Order to file an amended Complaint without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on June 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**